## INDUSTRIAL MOLD AND TOOL, INC. *v.* JOSEPH ZALESKI ET AL.
### (AC 35189)

Gruendel, Bear and Foti, Js.

610

Argued September 27—officially released November 5, 2013

*Joseph R. Sastre,* for the appellant (named defendant).

*Nicholas E. DeNigris,* for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. This case concerns one plaintiff's struggle to foreclose on a judgment lien. The defendant Joseph Zaleski appeals from the judgment of the trial court denying his motion to open a judgment of foreclosure by sale.[1] The issue before us is whether the court abused its discretion in so doing. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In 2000, the plaintiff, Industrial Mold & Tool, Inc., brought an action sounding in contract against the defendant seeking both money damages and interest stemming from his failure to pay for certain roofing materials supplied by the plaintiff. An attorney fact finder subsequently found that the plaintiff had "sustained $28,295.55 in damages plus interest as alleged in the complaint" against the defendant. The court rendered judgment in accordance therewith on February 9, 2001.

On June 18, 2010, the plaintiff filed a judgment lien on real property known as 43 Osgood Avenue in New Britain (property) that was owned by the defendant. Approximately one month later on July 20, 2010, the defendant transferred the property to Zaleski, Zaleski and Zaleski, LLC. The plaintiff thereafter commenced the present action to foreclose on that judgment lien. Paragraph three of the plaintiff's complaint alleged that "[o]n June 18, 2010, [the underlying] judgment being

---

[1] Although named as a defendant in this action, Zaleski, Zaleski and Zaleski, LLC, is not a party to this appeal. The appeal form and corresponding appearance of Attorney Joseph R. Sastre states that the appeal is filed by defendant Joseph Zaleski. The appellate brief filed by Sastre likewise lists Joseph Zaleski as the "petitioner-appellant" and refers to him alternatively as the "defendant" and the "appellant" throughout. That brief consistently uses those references in the singular and makes no mention whatsoever of Zaleski, Zaleski and Zaleski, LLC. We therefore refer to Joseph Zaleski as the defendant in this opinion.

unsatisfied in the total amount of $31,090.55, the plaintiff caused a certificate of judgment lien to be filed in the office of the Town Clerk of [the] City of New Britain. Said Judgment Lien is dated June 18, 2010, and is recorded in Volume 1797 at Pages 114–116 of the New Britain Land Records." In his answer to paragraph three, the defendant claimed insufficient knowledge or information on which to form a belief and, thus, left the plaintiff to its proof. Paragraph four of the complaint alleged that "[s]aid judgment remains unpaid in whole and there is presently due and owing the plaintiff the sum of $31,090.55 plus interest at the statutory rate from February 9, 2001 to this date." In his answer, the defendant admitted the allegations of paragraph four.[2]

The plaintiff subsequently moved for summary judgment as to liability, which the court granted. The plaintiff then filed a motion for foreclosure by sale, which the court granted on March 21, 2011. Finding the present debt to be $62,487.53 and the fair market value of the property to be $82,000, the court set a sale date of May 14, 2011. The sale proceeded on that date, at which the defendant's son, Jay Zaleski, was the high bidder with a bid of $105,000. When Jay Zaleski failed to close on the property within the requisite thirty day time period, the plaintiff filed a motion to open the judgment and to order a second sale. The court granted that motion and set a new sale date of October 15, 2011. Two days before that sale date, the defendant filed a bankruptcy petition with the United States District Court in Hartford, resulting in an automatic stay of the foreclosure sale. The defendant's bankruptcy petition was dismissed on December 8, 2011.

Shortly thereafter, the plaintiff filed another motion to open the judgment and asked the court to order a

---

[2] The defendant also admitted paragraphs one and two of the first count concerning his ownership of the property and the entry of a prior judgment against him in the amount of $30,722.55 in damages and $368 in costs.

third sale. The court again granted the plaintiff's motion and set a new sale date of April 14, 2012. One day prior to that sale date, the defendant filed a second bankruptcy petition with the United States District Court in Hartford, which once again resulted in an automatic stay of the foreclosure proceedings. On August 23, 2012, the Bankruptcy Court, Dabrowski, J., entered an order modifying that automatic stay to permit the plaintiff "to continue its [s]tate [c]ourt foreclosure action and otherwise exercise its rights, if any, with respect to the [p]roperty, in accordance with applicable state law . . . ." The plaintiff then filed yet another motion to open the judgment requesting the court to order a fourth foreclosure sale. The court granted that motion and set a new sale date of October 27, 2012. The court at that time found the existing debt to be $67,121.28 and the fair market value of the property to be $85,000.

Approximately two weeks prior to that sale date, the defendant filed an emergency motion to open the judgment of foreclosure, in which he alleged for the first time that the plaintiff had not been awarded postjudgment interest in the underlying action. After hearing argument thereon, the court denied the defendant's motion, and this appeal followed.

The defendant claims that the court abused its discretion in denying his motion to open the judgment of foreclosure by sale because the plaintiff was not awarded postjudgment interest in the underlying action. "A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not

be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 169–70, 612 A.2d 1153 (1992); see also *Union Trust Co.* v. *Roth*, 58 Conn. App. 481, 481, 755 A.2d 239 (2000) ("[w]hether to grant a motion to open [a judgment of foreclosure by sale] rests in the discretion of the trial court").

As the defendant states in his appellate brief, the "argument [in his motion to open] was that the [plaintiff] was never granted postjudgment interest." Yet it is undisputed—as the defendant acknowledged at oral argument before this court—that, in his November 12, 2010 answer, the defendant admitted that postjudgment interest was due and owing to the plaintiff.

Connecticut is a fact pleading jurisdiction. See Practice Book § 10-1; *Florian* v. *Lenge*, 91 Conn. App. 268, 274, 880 A.2d 985 (2005). As this court has explained, "[p]leadings are intended to limit the issues to be decided at the trial of a case and [are] calculated to prevent surprise. . . . [The] purpose of pleadings is to frame, present, define, and narrow the issues, and to form the foundation of, and to limit, the proof to be submitted on the trial. . . . Accordingly, [t]he admission of the truth of an allegation in a pleading is a judicial admission conclusive on the pleader. . . . A judicial admission dispenses with the production of evidence by the opposing party as to the fact admitted, and is conclusive upon the party making it. . . . [The] admission in a plea or answer is binding on the party making it, and may be viewed as a conclusive or judicial admission. . . . It is axiomatic that the parties are bound by their pleadings." (Citations omitted; internal quotation marks omitted.) *Rudder* v. *Mamanasco Lake Park Assn., Inc.*, 93 Conn. App. 759, 768–69, 890 A.2d 645 (2006); see also *Franchi* v. *Farmholme, Inc.*, 191 Conn. 201, 214, 464 A.2d 35 (1983) (answer to allegation

in complaint binding as judicial admission); 71 C.J.S. 228, Pleading § 195 (2011) (admission in answer binding on party making it and "supports a presumption or inference of such other facts as normally follow from the establishment of such fact").

Paragraph four of the plaintiff's complaint alleged that the judgment it obtained on February 9, 2001, against the defendant "remains unpaid in whole and there is presently due and owing the plaintiff the sum of $31,090.55 *plus interest at the statutory rate from February 9, 2001 to this date.*" (Emphasis added.) The defendant, in his answer, admitted the allegations of paragraph four. In so doing, the defendant conclusively established the fact that postjudgment interest was due and owing to the plaintiff. The defendant did not deny the truth of that allegation or offer any defense thereto; he admitted it and, therefore, is bound by that admission.

"Pleadings have an essential purpose in the judicial process. . . . The purpose of pleading is to apprise the court and opposing counsel of the issues to be tried . . . ." (Internal quotation marks omitted.) *Somers* v. *Chan*, 110 Conn. App. 511, 528, 955 A.2d 667 (2008). The defendant's admission that postjudgment interest was due and owing removed any issue as to whether the plaintiff in fact had been awarded postjudgment interest in the underlying action. Indulging every presumption in favor of the correctness of the court's decision, we thus cannot say that the court abused its discretion in denying the defendant's motion to open the judgment of foreclosure.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date and recalculating the debt.

In this opinion the other judges concurred.