# TORRINGTON SAVINGS BANK MORTGAGE SERVICING COMPANY *v.* NADINE M. CHANCE ET AL.
## (AC 34510)

Gruendel, Lavine and Bear, Js.

Argued September 23—officially released November 5, 2013

*Noel R. Chance,* self-represented, the appellant (defendant), filed a brief.

*Charles E. Roraback,* with whom, on the brief, was *Andrew W. Roraback,* for the appellee (plaintiff).

Opinion

*Opinion*

PER CURIAM. The defendant Noel R. Chance[1] appeals from the judgment of the trial court approving the committee's report, deed, and sale of the defendant's foreclosed home. On appeal, the defendant claims that the court committed error by not conducting a hearing, sua sponte, to determine whether the plaintiff, Torrington Savings Bank Mortgage Servicing Company, had standing, as the holder of the note, at the time it instituted the foreclosure action.[2] On the basis of the record before us, including the admissions of the defendant in his answer that the plaintiff had been assigned the note and mortgage on April 26, 2007; see *Industrial Mold & Tool, Inc.* v. *Zaleski,* 146 Conn. App. 609, 615, 78 A.3d 218 (2013); the foreclosure complaint and documents attached thereto, and the supporting affidavit and documents attached to the plaintiff's motion for summary judgment, we conclude that the defendant has failed to demonstrate that the court committed error by not holding, sua sponte, a full evidentiary hearing on the uncontested issue of whether the plaintiff had standing to institute the foreclosure action. See *Equity One, Inc.* v. *Shivers,* 310 Conn. 119, 135–36,

---

[1] The named defendant, Nadine M. Chance, is not a party to this appeal. Accordingly, we refer to Noel R. Chance as the defendant.

[2] The defendant requests that we invoke the plain error doctrine and review his claim, which is unpreserved, because it involves the subject matter jurisdiction of the trial court. Claims involving subject matter jurisdiction, however, cannot be waived, and, although unpreserved, can be raised at any time in the proceedings, including for the first time on appeal. *Perez-Dickson* v. *Bridgeport,* 304 Conn. 483, 506, 43 A.3d 69 (2012). Although entitled to review, we conclude nonetheless that the defendant's claim has no merit.

74 A.3d 1225 (2013) (holding trial-like evidentiary hearing not necessary to determine whether plaintiff has standing to bring foreclosure action provided procedures followed by trial court are adequate under circumstances).

The judgment is affirmed.